82,790-01

# IN THE 265TH JUDICIAL DISTRICT COURT

## FOR

### DALLAS COUNTY, TEXAS

---

## WRIT NO. W09-57260-R(A)

---

## APPLICANT'S OBJECTION TO THE TRIAL COURT'S FINDINGS OF FACT AND CONCLUSION OF LAW

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 17 2015

Abel Acosta, Clerk

EXPARTE MARCEL DAVIS

tdcj-cid # 1702497
FRENCH M. ROBERTSON UNIT
12071 F.M. 3522
ABILENE, TEXAS.  79601

* HEREIN FIVE (5) PAGES

I

WRIT NO. W09-57260-R(A)

EXPARTE

MARCEL DAVIS

IN THE 265TH JUDICIAL
DISTRICT COURT FOR
DALLAS COUNTY, TEXAS

### APPLICANT'S OBJECTION TO THE TRIAL COURT'S FINDINGS OF FACT AND CONCLUSION OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

Now Come Marcel Davis, Pro-Se, by way of objection to the Trial Court's Findings of Fact and Conclusion of Law for the following reasons:

(1) The State Fact's supporting Applicant's plea to be knowingly and voluntary, also that trial counsel rendered effective assistance during the plea colloguy despite not advising Applicant to plea guilty as stat in counsel's affidavit.

Applicant asserts that such facts should not be adopted by the Court, because they are unreasonable and contrary to Strickland v. Washington 466 U.S. 687, 694 (1984); Hernandez v. State 726 SW 2d. 53, (Tex. Crim. App. 1986); Exparte Pool 738 SW 2d 285, 286 (Tex.Crim. App. 1987); Hill v. Lockhart 474 U.S. 52, (1985) and Boykin v. Alabama 395 U.S. 242 (1969), because such plea was unknowingly and involuntary because trial counsel failed to fully appraise Applicant of the nature of the charge against him and the consequences of such plea, which the State (at 3) of it's findings admit that trial counsel never informed Applicant prior to the entry of his guilty plea about the culpable mental state of recklessly in relation to the charge offense of Injury to a Child or the effects of such culpable mental state during the punishment and sentencing phase. Which the

Tex. Penal Code Ann § 22.04 (e)-(g) provides that the range
of punishment for Injury to a Child is determined by the
mental state in which the offense was committed. As stated
in Flores v. State 102 SW 3d (2003): The felony murder rule
dispense with the necessity of proving menrea accompanying
the homicide itself, the under lying felony supplies the
culpable mental state.

A person commits the offense of injury to a child if he
intentionally, knowingly, recklessly, or with criminal
negligence causes (1) serious bodily injury (2) serious
mental deficient, impairment or injury or (3) bodily injury
to a child (Tex. Penal Code Ann § 22.04 (A) V rnon 2003)
While Tex. Penal Code Ann § 22.04 (e)-(g) Vernon 2003 provided
that the range of punishment for injury to a child is
determined by the mental state in which the offense was
committed, the offense of felony murder under Tex. Penal
Code Ann § 10.02 (b)(3), Vernon 2003 is a First degree felony
regardless of the culpable mental state for the underlying
felony of injury to a child.

In general, and indictment must plead every element which
must be proven at trial, an allegation of an essential culpable
mental state is a element of the offense. Failure to include
a culpable mental state unually is a defect of substance,
normally when there is a defect in substance there is a
failure to charge a purported offense.

Under Tex. Code Crim Proc. Ann Art. 21.19 (Vernon 1989)
determining whether the indictment's omission affected
Applicant's substantial right turns on the question of whether
Applicant had notice, adequate to prepare his defense.

In general an indictment must plead every element which
must be proven at trial Dinkin v. State 894 SW 2d 330, 338,
Tx. Cr. App Cert. denied, 516 U.S. 832, 133 L.Ed.2d. 59,
115 Sct 106 (1995), An allegation of an essential culpable

MENTAL STATE USUALLY IS A DEFECT OF SUBSTANCE, Studer v.
State 799 SW 2d 263 (Tex. Crim. App. 1990), Exparte Winton
549 SW 2d 751 (Tex. Crim. App. 1977) normally when there is
a defect in substance, there is a failure to charge a
purported offense. See: Jackson v. State 718 SW 2d 724, 725
(Tex. Cr. App. 1986).

If the omission of a culpable mental state for the
underlying felony was a matter of form, then article 21.19
provides the test for harmless error. The question is whether
the omission is one of substance or form because the code of
criminal croc. categorizes errors in a charging instrument as
either defects of substance or defects of form, Tex. Code. Crim
Proc. Ann, Art 27.08 Vernon 102 SW 3d 332 1989) provides that
there is no exception to the substance of an indictment or
information except for the four matters listed.

Applicant asserts that trial counsel performance was
deficient because counsel was required to have firm command
of the Law and Facts of the case Exparte Lilly 656 SW 2d
490 (Tex. Crim. App. 1983) and had trial counsel done so,
counsel would have been aware that the omitted culpable
mental state of recklessly from the indictment by the State
in it's amendment was a defect in substance and was a failure
to charge a purported offense in relation to the offense of
Injury to a Child. As cited in Flores v. State 102 SW 3d 328
(2003). Therefore requiring an objection and the filing of
a pretrial motion to quash the indictment under Tex.Code.Crim
proc. Art 1.14 in light of Studer v. State 799 SW 2d 263
(Tex. Crim. App. 1990) due to a failure of the indictment
of the indictment to plead every element of the offense as set
out in Dinkin v. State 697 SW 2d 413, 415 (Tex. Crim. App.
1985) as set out in Flores v. State.

The trial court facts and finding in relation to trial
counsel's eliciting extraneous offense or bad acts testimony

from applicant during the punishment and sentence about the manner of supporting himself by drug dealing, which counsel believed it better for applicant to be candid with the court.

Applicant asserts that the State court finding and facts that support counsel's belief, that Applicant should be candid with the Court and out of nowhere inform the sentencing Court that he was a drug dealer, is unreasonable and could never be considered plausable basis in strategy or tactics for his actions as cited in Exparte Burns 607 SW 2d. 370, 372 (Tex. Crim. Appl 1980) ; Exparte Candua 428 A2D, 996; Andrews v. State 159 SW3D 98, 102.

Applicant asserts that such testimony was highly pre - judice under 403 of the Tx R. Rule of Evidence, the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. Also could never be trial strategy in the absences of a properly filed and ruled on motion of notice of intent to compel the State to aware Applicant of it's intent to use such extraneous offense or bad act during the punishment phase, as set out under Tx. Code Crim. Proc. Art. 37.07 § (A)(g) and Ford v. State 106 SW 3d 765 (Tex. App. Texarkana 2003).

## CONCLUSION

Applicant asserts that such plea could never be knowingly and voluntary because the Fact's, Findings, and Affidavit from trial counsel that the State relies on is unreasonable and contrary to Boykin v. Alabama 395 U.S. 242 (1969) because Applicant was not fully appraised of the nature of the charge or the culpable mental state of reckless in relation to this offense of injury to a child and the consequences of such culpable mental state when sentencing Applicant, counsel performance was deficient because he was unaware

that the omitted culpable mental state of reckless from the indictment by the State was a defect of substance and failed to charge a purported offen Therefore Applicant asserts that had trial counsel gathered the facts of the case and governing law to protect the rights of the accused as set out in Exparte Lilly 656 SW 2d 490 Tx. Cr. App. 1983, and counsel filed the motion under 37.07 of the Tex. Code Crim. Proc, Compelling the State to notify Applicant prior to the punishment phase to notify Applicant of its intent to use extraneous offenses or bad acts of Applicants past conduct during the punishment, instead of just eliciting highly inflamatory extraneous offense or bad acts as to being a drug seller with no plausable basis in strategy as set out in Exparte Burns 601 SW 2d 370, 372 (Tex. Crim. App. 1980) Counsel would have also been aware that an objection was necessary to the States omitted culpable mental state of reckless from the indictment and thereafter filed a motion to quash due to a defect of substance in accordance with Tex. Code Crim. Proc. 27.08 and Studer v. State 799 SW 2d. 263 (Tx. Cr. App. 1990) Trial counsel was clearly ineffective in the light Exparte Lilly 656 SW 2d 490 (1983) Hernandes v. State 726 SW 2d 53 (1986) and Strickland v. Washington 466 U.S. 687 (1984) and had it not been found to have commited said offense reckless due to testimony of Applicants actions of impulsively and out of frustration.

## CERTIFICATE OF SERVICE

I, Marcel Davis, state that all the forgoing is true and correct and free of perjury.

2.3.15
_____
(Date)

Marcel Davis
TDCJ-CID # 1702497
French Robertson
12071 FM 3522
Abilene, Texas
79601